###### IN THE

## SUPERIOR COURT OF JUDICATURE,

###### FOR THE

## COUNTY OF ROCKINGHAM, DECEMBER TERM,

#### A. D. 1837.

---

## HILL *vs.* MILES.

A count in slander, alleging that the defendant maliciously and without probable cause made a charge of felony against the plaintiff, before a magistrate, is good after verdict.

But such count, if it set out the proceedings, should set forth facts sufficient to show that a complaint, or charge of felony, was made before a magistrate, in his official capacity.

A count in slander, for words spoken, is not sustained by evidence that the defendant signed a written complaint, alleging that the plaintiff had committed a larceny.

In an action for a libel contained in a complaint, or other proceedings in a court of justice, having jurisdiction of the subject matter, it is not sufficient to show that the charge was false and groundless.

But if a party institutes such proceedings as a pretence by which to promulgate slander, or to serve any other improper purposes, an action may be maintained for any libellous matter contained in it.

CASE. The first count in the declaration, after the usual averment that the plaintiff was of good fame, &c. alleged that the defendant, on the seventh of August, 1835, maliciously, and without probable cause, made and swore to a false and malicious complaint, which was then set forth at large, addressed to Charles W. Woodman, Esq., one of the justices of the peace, &c., and in which the plaintiff was charged with stealing four oxen, the property of the defendant. It was then averred, that on the same day a warrant was issued by said justice, for the arrest of the plaintiff, and

that afterwards the defendant did not pursue said complaint, but discontinued the same. It then averred that the plaintiff was innocent of the larceny charged, and that by means of the defendant's false and malicious oath and complaint the plaintiff had suffered great injury.

The second count alleged that the defendant maliciously, and without probable cause, complained to Charles W. Woodman, Esq., one of the justices, &c., that the plaintiff had stolen four oxen, the property of the defendant, and caused a warrant to be issued, (without setting out the complaint) and then averred its discontinuance as before.

The third count averred, that the defendant, on the same day, spoke, uttered and published certain false, scandalous and malicious words of the plaintiff, and then set out the words in the complaint which charged the plaintiff with stealing.

The fourth count alleged that the defendant wrote and published the same words.

Upon the trial, on the general issue, the plaintiff gave in evidence a complaint by the defendant, and a warrant issued thereon, as set forth in the first count. It appeared further, that at the same time the complaint was made and the warrant issued, the defendant procured a writ against the plaintiff, declaring in trespass against him for taking the oxen—that on the same day he delivered the writ and warrant to a deputy sheriff, with directions not to serve either if the plaintiff would settle the matter. The defendant said he demanded $120 for the oxen; and on the next day he went with the deputy sheriff to the plaintiff, who, after being informed that the officer had said process, agreed to settle, and paid at that time $70, and soon after $50 more, with $10 for the defendant's trouble, and $4 more for the complaint, warrant and writ. Neither the writ or warrant was ever served.

It further appeared, that in a conversation between the parties, the defendant said he told the plaintiff he might

have the oxen for $120. The plaintiff said he then remark-
ed to the defendant, "then I suppose I may take them at that
price?" The defendant said he made no answer to that re-
mark.

Upon this evidence the court instructed the jury that the
plaintiff could not sustain either the first or second count—
that the warrant never having been served, no prosecution
could be considered as instituted—and that whatever ground
of complaint the plaintiff might have against the defendant
on account of the warrant, it was not that of a malicious
prosecution.

The court further instructed the jury, that if the defend-
ant maliciously made the complaint, and delivered the
complaint and warrant to an officer, the complaint being al-
together false and groundless, the plaintiff was entitled to a
verdict on the third and fourth counts; and that if the com-
plaint was false, that was evidence of malice.

The jury returned a verdict in favor of the plaintiff, and
the defendant moved for a new trial.

*G. Sullivan,* and *J. P. Hale,* for the defendant, cited—
1 *D. & E.* 110, *Weatherston* vs. *Hawkins;* 4 *Taunt.* 7,
*Sinclair* vs. *Eldred;* 5 *Johns.* 508, *Thorn* vs. *Blanchard;*
3 *Pick.* 379, *Bodwell* vs. *Osgood;* 3 *D. & E.* 183, *Belk*
vs. *Broadbent;* 12 *Pick.* 163, *Bradley* vs. *Heath;* 22 *Com.
Law R.* 495, *Wilkinson* vs. *Howell; Petersdorff's Abr.,
Libel,* 78, 418; 9 *East* 361, *Purcell* vs. *Macnamara;* 2 *N.
H. R.* 398, *Blanchard* vs. *Fisk; Cro. Eliz.* 230, 248,
*Buckley* vs. *Wood;* 4 *Co.* 14, *S. C.,* and *Cutler* vs. *Dixon;*
4 *Gwill. Bac.* 454; 1 *Hawk. P. C.* 194; 1 *Saund.* 131,
*Lake* vs. *King;* 2 *Burr.* 807, *Astley* vs. *Younge;* 2 *Saund.
Pl. & Ev.* 395.

*Bartlett* and *Emery,* for the plaintiffs, cited 5 *N. H. R.*
225, 227, *Robinson* vs. *Burleigh; Roscoe's Evid.* 301, 302;
2 *Stark. Ev.* 910, 913; 1 *Stark. Rep.* 377, *Davis* vs. *Noak;*

1 *D. & E.* 535, *Boot* vs. *Cooper ;* 1 *D. & R.* 97, *Elsee* vs. *Smith ; Com. Dig., Action for Conspiracy, A ;* 1 *Ld. Raym.* 378, 381, *Savile* vs. *Roberts ;* 1 *Green.* 137 , *Ulmer* vs *Leland ; Addison* 270, *Kerr* vs. *Workman ;* 12 *Pick.* 328, *Wills* vs. *Noyes ;* 2 *Dane's Abr.* 506 ; 1 *Chitty's Gen. Pr.* 45 ; 3 *B. & C.* 584, *Duncan* vs. *Thwaites ; Oliver's Precedents* 372 ; 4 *Cowen* 406, *Mills* vs. *McCoy.*

PARKER, J. It is not necessary, in all cases, that there should be an arrest, or service of process upon a party, in order to the maintenance of an action for maliciously instituting legal proceedings. 3 *Esp.* 144, 147, *Cooper* vs. *Booth ;* 1 *D. & E.* 535 ; 2 *Chitty's Pl.* 301, *note ; Bac. Abr., Actions on the Case, H, cites Roll. Abr.* 112 *and W. Jones* 93 ; *Hobart's Rep.* (*Williams' Ed.*) 266, *b,* 267, *a, and note.*

A count in slander, charging that the defendant had imposed upon the plaintiff the crime of felony, is good after verdict. 2 *Barn. & Cres.* 283, *Blizard* vs. *Kelly, and note.* The count charged that the defendant had wrongfully and without reasonable or probable cause, imposed the crime of felony upon the plaintiff. Abbot, Chief Justice, said—" This form of count is very ancient. The words in present use are a bad translation of the Latin words, ' *crimen feloniae imposuit.*' The legal sense and meaning of those words is, that the party made the charge of felony before a magistrate. It is not sufficient, in support of such a count, to prove that the plaintiff was charged with felony in conversation. It can only be sustained by proof that the defendant went before a magistrate and charged the plaintiff with felony. The objection taken to such a count, that it does not specify the particular felony with which the party was charged, is not valid after a verdict." *Vide, also,* 1 *Shower* 282, *Haynes* vs. *Rogers ;* 1 *Roll. Abr.* 114, *Action sur Case, R,* 5 ; *Cro. Jac.* 190, *Dogatte* vs. *Lawry ; ditto* 490, *Payn* vs. *Porter ; Com. Dig., Action upon the case for defamation, D,* 4 ; 5 *Barn. & Ald.* 634, *Pippet* vs. *Hearn.*

From these authorities it appears, that an action for slander may be maintained for, maliciously and without reasonable or probable cause, charging a party with felony before a magistrate ; and if so, it can be no objection that the declaration sets forth the circumstances of the charge in detail.

A general count will be good after verdict. The implication is that the count should set forth the particular charge.

Had the first and second counts, therefore, been perfect, this action might perhaps have been sustained upon them, on the preceding authorities, provided the charge was made from malicious motives, and without probable cause.

The first alleges, that he made and swore to a false and malicious complaint, without probable cause, and then sets out the complaint ; but there is no direct averment that Woodman, to whom it was directed, was a magistrate.

The second count alleges that the defendant maliciously, and without probable cause, complained to C. W. Woodman, Esq. one of the justices, &c., and caused a warrant to be issued on said complaint. This is not a very technical allegation, that he made a charge against the plaintiff, before a magistrate ; but it might, perhaps, be held good after a verdict on it for the plaintiff. On the trial, however, these counts were regarded as counts for a malicious prosecution.

We are of opinion that the evidence does not support the third count, which is for words spoken. All the evidence relates to a written complaint, and for aught which appears, the defendant wrote it himself. There is no evidence of the speaking of any words.

The verdict might perhaps be applied to the fourth count, as is suggested by the plaintiff's counsel, if that is good, and the matter had been properly left to the jury. The count is not in the usual form of declarations for libels ; but, without enquiring whether the count is sufficient in point of form, we are of opinion that the direction to the jury cannot be supported. It is not sufficient, in such case,

that the complaint which the defendant made was altogether false and groundless. An action for a libel cannot be sustained for a proceeding before a court having jurisdiction of the subject matter, if the process was instituted under a probable belief that the matter alleged was true, and with the intention of pursuing it according to the course of the court, even if the matter turns out to be wholly false; and the falsity in such case cannot be left to the jury as evidence of malice. It may well be questioned whether an action for a libel could be sustained, under such circumstances, even if there was evidence of express ill will. 4 *Co.* 14, *Buckley* vs. *Wood;* 2 *Burr.* 810. Want of probable cause is held to be evidence of malice.

There is evidence in this case, however, tending to show that the defendant made a complaint, and procured a warrant, not for the legitimate purpose of having the plaintiff arrested and examined, as he might well have done had there been probable cause to believe him guilty of larceny, but with a view to aid himself in the civil suit which he commenced at the same time, and with the intention of enforcing payment for the oxen, about the purchase of which, it seems, there had before been some negotiation.

If such was the purpose, it was wholly unwarrantable and illegal; and in such case the defendant cannot protect himself by alleging that he made the charge in the due course of legal proceedings.

We are of opinion that if a party institutes legal process without intending to prosecute it in the regular course, but as a pretence to promulgate slander, or serve any other improper purpose, no privilege extends to such a misuse of the forms of law, and he may be prosecuted for any libellous matter which he thus publishes. The verdict must be set aside, and the plaintiff may then amend his declaration.

*New trial granted.*